**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Jolley Associates    }
                                 }
                                 }    Docket No. 118-8-01 Vtec
                                 }
                                 }

## Decision and Order on Motion for Reconsideration and Motion to Strike

Appellant-Applicant Jolley Associates is represented by Howard J. Seaver, Esq.; the Town of Shelburne is represented by Joseph S. McLean, Esq. The Town moved for reconsideration of this Court= s May 3, 2002 Memorandum of Decision. Appellant-Applicant filed a response to the motion and the Town filed a reply, which included an objection to Appellant-Applicant= s raising any issues beyond the scope of the Town= s Motion for Reconsideration. Appellant-Applicant filed a response to that reply, and the Town moved to strike that further filing as not provided for in the rules of procedure.

Town= s Objection to Scope of Issues in Appellant-Applicant= s Memo

The Town is correct that a motion to alter or amend a judgment under V.R.C.P. 59(e) must be served not later than ten days after entry of the judgment, and that Appellant-Applicant did not do so within the time period provided in the rules. Accordingly, the Court will only address the Town= s motion to reconsider the May 3, 2002 decision.

Motion to Strike

The Town is correct that the further memorandum is not provided for under the rules, and the Court is not obligated to consider it. Generally, such a further memorandum is allowed when an entirely new argument is raised for the first time in a reply memorandum, and therefore could not have been addressed in earlier memoranda. The Town= s position on the concepts > incidental,= > subordinate,= and > accessory= was made for the first time in its reply memorandum and for that reason the Court will not strike Appellant-Applicant= s response to it.

Motion for Reconsideration

The Town requests the Court to reconsider its conclusion that the canopy is the second A principal structure@ on the lot, and instead requests the Court to find that the canopy together with the gasoline dispensing equipment is a second principal structure, and therefore to conclude that ' 1690.3 prohibits not only the canopy but any manifestation of the gas station use outside the other building. The Town argues that such a conclusion would require the denial of Appellee-Applicant= s application with prejudice.

The Town= s request for reconsideration is denied. The applicable regulations prohibit multiple principal structures, but they do allow multiple uses on a lot. All that the Court decided was that the canopy is not incidental to nor subordinate to the principal use of the other building as a convenience store and restaurant. It did not decide whether the dispensing equipment without the canopy could be considered to be subordinate or incidental or accessory structures, or subordinate or incidental or accessory uses of the other building nor of the property as a whole. An application without a canopy was not before the Court and any such ruling would be an advisory opinion.

If the regulations prohibited not only multiple principal structures, but also prohibited any manifestation of the gas station use in the form of the gasoline dispensing equipment, then it would be surplusage for the regulations to allow multiple uses on a lot, both indoor and outdoor. Under the definition in the Shelburne zoning regulations, the gasoline dispensing equipment does appear to fall within the definition of > structure.@ However, given that the gasoline sales take place from inside the building as well as from the credit card equipment on the pumps, it is possible that without the canopy the dispensing equipment could be considered an accessory, subordinate or incidental structure, rather than a principal structure.

We remind the parties that Appellant-Applicant= s application was denied, without prejudice to its submittal of its application for site plan approval to the planning commission and without prejudice to its submittal of a request to the ZBA under ' 210.6 to extend the lot coverage or driveway coverage regulations applicable in the Industrial-Commercial zoning district up to 50 feet into the Residential-Commercial district. The denial was on the two grounds that the proposal as designed consisted of two principal buildings or structures on the lot in violation of ' 1690.3; and that Appellant had failed to show that the proposal would not adversely affect > all bylaws in effect= (' 1610.4), and in particular had failed to show that site circulation will be adequate and that the lighting emanating through the windows and glass blocks of the building will not violate the performance standards for glare and will be adequately screened.

This appeal remains concluded as provided in the Court= s May 3, 2002 Memorandum of Decision. As noted at the close of that decision, the question of whether any additional design changes made to the project during any site plan proceedings would require the ZBA thereafter to hold additional hearings on any aspects of the present application would have to be addressed to the zoning administrator or the ZBA in the first instance.

Dated at Barre, Vermont, this 28th day of October, 2002.


_____
Merideth Wright
Environmental Judge